IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MISTER SOFTEE, INC.**<br>**901 E. Clements Bridge Rd.**<br>**Runnemede, NJ 08078,**<br><br>**MISTER SOFTEE OF QUEENS, INC.**<br>**215-04 Hempstead Avenue**<br>**Queens Village, NY 11429,**<br><br>**SPABO ICE CREAM CORP.**<br>**748 Southern Boulevard**<br>**Bronx, New York, 10455,**<br><br>          **Plaintiffs,**<br><br>  **v.**<br><br>**DIMITRIOS TSIRKOS**<br>**AKA JIMMY TSIRKOS**<br>**12-10 148th Street**<br>**Whitestone, New York, 11357**<br><br>          **Defendant**. | **CIVIL ACTION NO. 14-CV-1975-LTS** |

<u>**CIVIL ACTION - COMPLAINT**</u>

**INTRODUCTION**

1.      Plaintiffs Mister Softee, Inc. ("MSI"), SPABO Ice Cream Corp. ("Spabo") and Mister Softee of Queens, Inc. ("MSQ") (MSI, Spabo and MSQ are collectively referred to as "Mister Softee") bring this action against former franchisee Dimitrios Tsirkos ("Tsirkos") who: (a) abandoned his rights and obligations under certain Franchise Agreements which have since been terminated for several defaults; (b) is infringing on Mister Softee's trademark rights by operating his ice cream trucks using Mister Softee's trademarks; (c) is operating his ice cream trucks in his former territory and the territory of other Mister Softee franchisees in violation of his non-compete obligations; and (d) owes

certain amounts to the Plaintiffs under their respective agreements. Mister Softee also brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's franchisees who are being harmed as a result of the Tsirkos' unauthorized use of Mister Softee's trademarks. Because Tsirkos is no longer affiliated with Mister Softee, Mister Softee has no ability to ensure that Tsirkos is storing and dispensing his ice cream and other food products in compliance with applicable health standards and laws. Furthermore, Tsirkos, by infringing Mister Softee's trademarks, is unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks.

## THE PARTIES

2.      Plaintiff MSI is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee" and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3.      Plaintiff Spabo is a New York corporation with an address of 748 Southern Boulevard, Bronx, New York, 10455. Spabo is a sub-franchisor of Mister Softee, Inc. and has the exclusive right to sell Mister Softee franchises in a designated region under a Distributor Agreement with Mister Softee, Inc. Pursuant to the Distributor Agreement, Spabo was given the right to use and license others the right to use Mister Softee's federally registered trademarks, trade dress and proprietary business system (referred to collectively as the "Trademarks and Trade Dress") in conjunction with the offering and sale of franchises in certain areas including the Bronx, New York and the surrounding area.

4.      Plaintiff MSQ is a New York corporation with a principal place of business at 215-04 Hempstead Avenue, Queens Village, New York, 11429.  MSQ is a sub-franchisor of Mister Softee, and has the exclusive right to sell Mister Softee franchises in a designated region under a Distributor Agreement with Mister Softee. Pursuant to the Distributor Agreement, MSQ was granted the right to use, and license others the right to use, the Mister Softee Trademarks and Trade Dress in conjunction with the offering and sale of franchises in certain areas, including Queens, New York and the surrounding area.

5.      Tsirkos is an adult individual residing at 12-10 148th Street, Whitestone, New York, 11357.

6.      Tsirkos operates his trucks from a depot located at 34-37 11th Street, Long Island City, New York, 11106 (the "Tsirkos Depot")

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that plaintiffs' claims against Tsirkos are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.   Furthermore, Tsirkos entered into several Franchise Agreements that include forum selection clauses that designate this court as the proper forum for litigation between the parties.

## THE MISTER SOFTEE SYSTEM

9.      MSI is a family owned and operated business that has been in operation since 1956.  MSI is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

10.      Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.   The relationship between Mister Softee and its franchisees is governed by the terms and conditions of the Mister Softee Dealer Franchise Agreement entered into between Mister Softee and each franchisee.

## THE TRADEMARKS AND TRADE DRESS

11.      MSI owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos").  MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark").    Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design").  MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead".  The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie.  (The Mister Softee Logos, Mister

4

Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks").

12.     Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system.

13.     Since 1956, MSI and its franchisees have continuously used and advertised the Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region.   MSI's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers.  MSI first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958.  The Mister Softee musical jingle was composed in 1960.

## THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS

14.     Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck").  The design and appearance of the Mister Softee Truck is not arbitrary and nonfunctional.   Each Mister Softee Truck has, among others, the following distinctive appearance and characteristics:

          a.     Mister Softee Trucks are white with a blue trim which borders the bottom of each truck.  The wheels on Mister Softee Trucks are also blue.

          b.     The front of the trucks contains the statement "The Very Best" above the name "Mister Softee", both of which are in red cursive print.

          c.     The sides of Mister Softee Trucks are labeled with the words "Delicious Shakes" and "Sundaes" in red cursive print above which are painted pictures of a shake and a sundae, respectively.

          d.     Above the blue trim on the sides of the Mister Softee Truck are the

words "Shakes", "Sundaes", and "Cones" in blue, block, capital letters which have a green, frost-like trim.

      e.     The sides of Mister Softee Trucks also contain a distinctive cartoon logo (the "Cartoon Character") depicting a soft serve ice cream cone with a smiley face and bow tie. The Cartoon Character appears under the red script words "Mister Softee". The trademark for this logo is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 0667335.

      f.     Each side of a Mister Softee Truck contains a sliding glass window used to service customers.

      g.     A menu display in each side window contains the name "Mister Softee" in red cursive print. The menu display advertises various ice cream products and their prices.

      h.     The menu display contains the Cartoon Character.

      i.     The display windows also contain designed advertisements printed on plastic for specialty products including, but not limited to, "Devil's Delight Conehead," "Cherry Top Conehead," "Chocolate Top Conehead," "Twinkletop Conehead," "Banana Boat," "Strawberry Sundae," "Hawaiian Pineapple Sundae," "Chocolate Nut Sundae," "Cherry Sundae," "Chocolate Sundae," "Tu-Tone Cone," and "Cart Wheel". The name "Mister Softee" is printed on the cups pictured in the menu display.

      j.     The trucks also contain a designed advertisement in red, white and blue colors which states "Shakes" and displays a shake container with "Mister Softee" written at the top and with the Cartoon Character.

k.      Attached to the driver's side of Mister Softee Trucks is a sign that extends out for other vehicles to see which provides a safety warning.

l.      The top rear of Mister Softee trucks contains the statement "Watch For Our Children SLOW!"

m.      The bottom rear of Mister Softee Trucks contains the Cartoon Character and cartoon drawings of a boy and a girl with safety belts that read "Safety Club."

15.      When Mister Softee enters into a franchise agreement with each new franchisee, Mister Softee requires the new franchisee to operate a truck painted in Mister Softee's blue and white color scheme and displaying Mister Softee's Marks which come as a decal pack that include the above-referenced elements.

16.      Each of these elements make an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

17.      Pictures showing an authentic Mister Softee Truck bearing the Mister Softee Marks are attached hereto as Exhibit "A".

18.      Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark.  Mister Softee's customer base predominately comprises young children.

**THE DEFENDANT**

19.      Defendant Tsirkos entered into six Dealer Franchise Agreements ("Franchise Agreements") with Spabo dated March 1, 2013, one Franchise Agreement with MSQ dated September 26, 2011, and nine oral license agreements (the "License Agreements") with MSQ, pursuant to which Tsirkos was granted the right and undertook the obligation to

operate 16 Mister Softee franchises in Bronx County, New York and Queens County, New York. All of the Franchise Agreements are identical.  Attached at Exhibit B is a true and correct copy of one of the Franchise Agreements between Mister Softee and Tsirkos.  The License Agreements between the parties contain the same payment obligations as those in the Franchise Agreements.

**The Franchise Agreements**

20.      Pursuant to Section 3.1 of the Franchise Agreements, the term of each of the Franchise Agreements is ten years.

21.      Pursuant to Section 4.2 of the Franchise Agreements, Tsirkos agreed to pay Mister Softee a royalty equal to: (1) $1.70 on each gallon of soft-serve ice cream or frozen desert mix purchased or $3,400.00 per year, whichever is greater; and (2) $0.38 on each dozen of hard ice cream and frozen desert novelties purchased (the "Royalties").

22.      Pursuant to Section 6.15 of the Franchise Agreements, Tsirkos is required to park and store his ice cream trucks at a depot or storage yard maintained by Spabo or MSQ or a third party designated by Mister Softee.

23.      Pursuant to Section 9 of the Franchise Agreements, Tsirkos is required to pay to Mister Softee all monies due on time or pay interest on the unpaid amount at a rate of eighteen percent per year or the maximum allowed by law, whichever is less. Section 9 also requires Tsirkos to reimburse Mister Softee for all reasonable attorneys' fees, court costs and litigation expenses Mister Softee incurs in attempting to collect unpaid debts owed to Mister Softee.

24.      Pursuant to Section 16.2 of the Franchise Agreements, Tsirkos agreed that he shall not, directly or indirectly, himself or in conjunction with anyone else own, maintain,

engage in, be employed by, lend money to, extend credit to, or have any interest in any other business which operates or licenses businesses featuring primarily the sale of ice cream or frozen confections within his former territory or within any Mister Softee franchisee's territory for a period of two years following the termination of his Franchise Agreements.

25.    Pursuant to Section 18.2.11 of the Franchise Agreements, the Franchise Agreements can be terminated, effective upon delivery of notice of termination and without opportunity to cure, if Tsirkos voluntarily abandons the Franchised Business.

26.    Pursuant to Section 18.2.14 of the Franchise Agreements, the Franchise Agreements can be terminated, effective upon delivery of notice of termination and without opportunity to cure, if Tsirkos does not park his ice cream trucks in a depot maintained by Mister Softee or designated by Mister Softee.

## Termination of the Franchise Agreements

27.    Tsirkos owes MSQ approximately $74.064.19 for unpaid Royalties (the "Tsirkos Debt") that have accrued over the last 3 years under the Franchise Agreement with MSQ and the License Agreements.

28.    MSQ repeatedly demanded that Tsirkos pay the Tsirkos Debt to MSQ because the debt continued to accumulate while Tsirkos operated his Franchised Business.

29.    Instead of paying the Tsirkos Debt, Tsirkos made clear his intent to abandon the Franchise Agreements by informing other Mister Softee franchisees of his intent to operate his ice cream trucks independently from the Mister Softee system.

30.    Tsirkos has abandoned his Franchise Agreements and the License Agreements.

31.     Tsirkos convinced another Mister Softee franchisee, Reza Amanollahi, to join him in abandoning the Mister Softee system.  Amanollahi has since abandoned his Franchise Agreements and moved his ice cream trucks from his designated depot to the Tsirkos Depot without Mister Softee's consent.

32.     On February 18, 2014, Mister Softee sent notice of termination to the Tsirkos. The Notice of Termination sent to Tsirkos is attached as Exhibit "C."

33.     Tsirkos received the Notice of Termination on February 19, 2014.  True and correct copies of the delivery confirmation receipts for the Notices of Termination are attached as Exhibit "D."

34.     In the Notice of Termination served on Tsirkos, Mister Softee advised Tsirkos that his Franchise Agreements were terminated because he: (a) parked his ice cream trucks in an undesignated depot; (b) he failed to pay Royalties to MSQ; and (c) he has abandoned the Franchised Business.

35.     Tsirkos has not contacted Mister Softee to dispute or otherwise explain the allegations made by Mister Softee in the Notice of Termination.

36.     Tsirkos has failed to comply with his post-termination obligations under Section 19 of the Franchise Agreements to, among other things: (a) cease the use of Mister Softee's Marks, including without limitation, all identifying insignias, signs, displays, menu decals, logos, colors, color patterns or schemes and decals depicting ice cream products; (b) paint his trucks a different design and color than the blue and white colors and design of "Mister Softee" ice cream trucks; and (c) return to Mister Softee his Mister Softee music boxes and all copyrighted materials, including the Mister Softee Operations Manual.

37.     Tsirkos further has failed to comply with his obligations under Section 16.2 of the Franchise Agreements because he continues to operate his ice cream trucks in his former territory and the territory of other Mister Softee franchisees in violation of the non-compete provisions contained in the Franchise Agreements.

38.     Tsirkos also owns and operates a website under the Mister Softee Marks without Mister Softee's consent at www.mistersofteenyc.com (the "Website").

**COUNT I**
**Trademark Infringement and Unfair Competition**

39.     Plaintiffs incorporate the forgoing averments as if fully set forth herein.

40.     Tsirkos has utilized and benefited from the Mister Softee Marks in the operation of his mobile ice cream truck business and the Website without Mister Softee's permission and with the knowledge that Mister Softee has not consented to his use of the Mister Softee Marks.

41.     Tsirkos willfully intended to trade on Mister Softee's reputation and cause dilution of the Mister Softee Marks.

42.     Tsirkos is guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Tsirkos' use of Mister Softee's Marks constitutes a false designation of origin and is likely to cause confusion. mistake or deception as to his being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a).  Tsirkos' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

43.     Tsirkos' continued operation of his mobile ice cream trucks and the Website also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

44.     Tsirkos' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Tsirkos as a result of Tsirkos selling ice cream and related products from trucks unlawfully identified as Mister Softee trucks; Plaintiffs will have difficulty franchising Tsirkos' trading areas, which includes the area Mister Softee exclusively granted MSQ and Spabo; business will be diverted from Mister Softee's Marks; Mister Softee's Marks will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Tsirkos' conduct, cannot be readily calculated.

45.     Additionally, because Tsirkos is no longer affiliated with Mister Softee, Plaintiffs have no ability to ensure that Tsirkos is storing and dispensing his ice cream products in compliance with applicable health standards and laws.  As a result, customers may become ill if the ice cream is not properly stored and dispensed and the trucks and equipment are not operated in a sanitary manner.

46.     Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Marks as a result of Tsirkos' conduct.

47.     Plaintiffs' immediate and irreparable harm will continue unless Tsirkos is enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE**, Mister Softee, Inc., SPABO Ice Cream Corp. and Mister Softee of Queens, Inc. demand judgment in their favor and against the Defendant Dimitrios Tsirkos as follows:

a.    A preliminary and permanent injunction enjoining Tsirkos and his agents, employees and any person acting in concert with them from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

b.    An accounting of and judgment for the profits to which Mister Softee may be entitled;

c.    Treble damages pursuant to 15 U.S.C. § 1117;

d.    An order requiring Tsirkos to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in his possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e.    An order requiring Tsirkos to return the music boxes in his possession that play the Mister Softee Sonic Mark to Mister Softee pursuant to 15 U.S.C. §1118.

f.    An order requiring Tsirkos to assign the domain name www.mistersofteenyc.com to Mister Softee, Inc.;

g.    Punitive Damages;

h.    Attorneys' fees;

i.    Costs of this action; and

j.    Such further relief as this Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT - POST TERMINATION NON-COMPETE

48.    Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

49.     Tsirkos' Franchise Agreements were terminated on February 19, 2014 upon delivery of the Notices of Termination.

50.     Tsirkos continues to engage in the business of selling ice cream or other frozen confections in his former territory and the territory of other Mister Softee franchisees (the "Competitive Business").

51.     Tsirkos' operation of the Competitive Businesses are in direct violation of the non-competition provisions of Section 16.2 of the Franchise Agreements.

52.     Tsirkos has breached the Franchise Agreements by failing to comply with the post-term non-compete obligations set forth in Section 16.2 of the Franchise Agreements.

53.     Mister Softee has no adequate remedy at law in that the damages as set forth above, including the misappropriation and theft of its proprietary business System, Confidential Information and Proprietary Materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages. The damages sustained by Mister Softee as a result of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated for in monetary damages.

54.     As a direct and proximate result, Mister Softee has suffered and continues to suffer damage to its business, reputation and goodwill due to Tsirkos' operation of his Competitive Business.

55.     Mister Softee's immediate and irreparable harm will increase unless and until Tsirkos is enjoined from violating his post-termination obligations and otherwise competing unfairly with Mister Softee.

56.     A preliminary and permanent injunction is the only method by which Mister Softee can prevent the further usurpation of its business system and trade secrets.

**WHEREFORE**, Mister Softee, Inc., SPABO Ice Cream Corp. and Mister Softee of Queens, Inc. demand judgment in their favor and against the Dimitrios Tsirkos as follows:

a.     That Tsirkos be preliminarily and permanently enjoined and restrained from operating any competitive business selling ice cream products or frozen confections, or from directly or indirectly, being connected with the ownership, management, operation, control or conduct of a competitive business selling ice cream products or frozen confections located within Bronx County or Queens County or any other territory assigned to a Mister Softee franchisee for a period of two years from the date of the Court's order,

b.     attorney's fees and costs incurred in bringing this action;

c.     costs of this action; and

d.     such further relief as this Court deems just and proper.

### COUNT III
### BREACH OF CONTRACT – FUTURE ROYALTIES
#### (Spabo v. Tsirkos)

57.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

58.     At all times referred to herein, Spabo was in compliance with the Franchise Agreements and had fulfilled all of its obligations pursuant to the terms and conditions thereof.

15

59.     As a direct and proximate result of Tsirkos' breach of the Franchise Agreements, Spabo has been damaged in the minimum amount of $183,600 which represents the future minimum Royalties due under Tsirkos' six Franchise Agreements for the remainder of the terms of the Franchise Agreements.

**WHEREFORE,** SPABO Ice Cream Corp. demands judgment in its favor and against Defendant Dimitrios Tsirkos in the amount of $183,600 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

### COUNT IV
### BREACH OF CONTRACT – FUTURE ROYALTIES
### (MSQ v. Tsirkos)

60.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

61.     At all times referred to herein, MSQ was in compliance with the Franchise Agreement and had fulfilled all of its obligations pursuant to the terms and conditions thereof.

62.     As a direct and proximate result of Tsirkos' breach of the Franchise Agreement, MSQ has been damaged in the minimum amount of $27,200 which represents the future minimum Royalties due under Tsirkos' Franchise Agreement for remainder of the term of the Franchise Agreement.

**WHEREFORE,** Mister Softee Queens, Inc. demands judgment in its favor and against Defendant Dimitrios Tsirkos in the amount of $27,200 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

## COUNT V
## BREACH OF CONTRACT – UNPAID ROYALTIES
### (MSQ v. Tsirkos)

63.     Mister Softee incorporates by reference the averments set forth above as though the same were set forth at length herein.

64.     Pursuant to the terms of the License Agreements and Section 4.2 of the Franchise Agreement, Tsirkos is required to pay Royalties to MSQ for the operation of his ten ice cream trucks in Queens County, New York.

65.     Tsirkos has failed to pay MSQ Royalties in the amount of $74,064.19 over the course of the last three years.  A true and correct copy of the accounting of the Royalties due to MSQ for each of Tsirkos' ten trucks is attached as Exhibit "E."

66.     As a direct and proximate result of Tsirkos' breach of the Franchise Agreement and License Agreements, MSQ has been damaged in the amount of $74,064.19.

**WHEREFORE,** Mister Softee Queens, Inc. demands judgment in its favor and against Defendant Dimitrios Tsirkos in the amount of $74,064.19 together with pre-judgment and post-judgment interest, attorney's fees and such further relief as this Court deems appropriate.

Respectfully submitted,

**Adler Vermillion & Skocilich LLP**

Date: March 20, 2014            By:_____
Gerald Derevyanny, Esquire
Eric Adler, Esquire
45 Main St. #500
Brooklyn, NY 11201
T: (347) 42500362

**FISHER ZUCKER LLC** (of counsel)
Jeffrey Zucker, Esquire
Frank A. Reino, Esquire
21 South 21st Street
Philadelphia, PA 19103
T: (215) 825-3100
F: (215) 825-3101
jzucker@fisherzucker.com
Attorneys for Plaintiffs