## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

MISTER SOFTEE, INC.,
MISTER SOFTEE OF QUEENS, INC.,
SPABO ICE CREAM CORP.,

                  Plaintiffs,

    -  against –

DIMITRIOS TSIRKOS
AKA JIMMY TSIRKOS,

                  Defendant.

**CIVIL ACTION NO.**

**14-CV-1975-LTS**

------------------------------------------------------------

### ANSWER TO COMPLAINT AND COUNTERCLAIMS

       Defendant Dimitrios Tsirkos aka Jimmy Tsirkos ("Tsirkos"), by his attorneys Nicholas J. Damadeo, P.C., herein answer the complaint as follows:

       1.       Denies each and every allegation contained in ¶1 except admits that Tsirkos is a former "Mister Softee" franchisee.

       2.       Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 2-4.

       3.       Admits the allegations contained in ¶¶ 5-6.

       4.       Admits the allegations contained in ¶¶ 7 and 8.

       5.       Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 9-10.

6.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 11-13.

7.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 14-18.

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19, except admits that Tsirkos executed multiple "Mister Softee" Franchise Agreements with Spabo, one "Mister Softee" Franchise Agreement with MSQ, and multiple oral license agreements with MSQ.

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶¶ 20-26 and respectfully refers to the original Franchise Agreements as the best evidence of the contents thereof.

10.     Denies each and every allegation contained in ¶¶ 27-31.

11.     Admits the allegations contained in ¶¶ 32-33.

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 and respectfully refers to the original Notice of Termination as the best evidence of the contents thereof.

13.     Denies each and every allegation contained in ¶¶ 35-38.

**ANSWERING COUNT I**

14.     Defendant makes the same answers to the allegations incorporated into ¶ 39 of the complaint as set forth in this Answer.

15.     Denies each and every allegation contained in ¶¶ 40-47.

**ANSWERING COUNT II**

16.     Defendant makes the same answers to the allegations incorporated into ¶ 48 of the complaint as set forth in this Answer.

17.     Denies each and every allegation contained in ¶¶ 49-56.

**ANSWERING COUNT III**

18.     Defendant makes the same answers to the allegations incorporated into ¶ 57 of the complaint as set forth in this Answer.

19.     Denies each and every allegation contained in ¶¶ 58-59.

**ANSWERING COUNT IV**

20.     Defendant makes the same answers to the allegations incorporated into ¶ 60 of the complaint as set forth in this Answer.

21.     Denies each and every allegation contained in ¶¶ 61-62.

**ANSWERING COUNT V**

22.     Defendant makes the same answers to the allegations incorporated into ¶ 63 of the complaint as set forth in this Answer.

23.     Denies each and every allegation contained in ¶¶ 64-66, and respectfully refers to the Franchise Agreements as the best evidence of the contents thereof.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24.     The claims are barred by the applicable Statute of Limitations.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25.     The claims are barred by the doctrine of laches.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26.     The claims are barred by the applicable Statute of Frauds.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.     To the extent the claims alleged breach of oral license agreement, they are barred by applicable Federal and State Franchise Laws.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     The claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIRST COUNTERCLAIM

29.     Upon information and belief, Plaintiff Mister Softee of Queens Inc. ("MSQ") is incorporated in the State of New York under the name Mister Softee Queens Inc.

30.     MSQ is a subfranchisor of "Mister Softee" franchises within the meaning of New York's Franchise Sales Act, N.Y. Gen. Bus. L. Article 33 ("the Franchise Act"), §681(17).

31.     At various dates prior to the commencement of this action, MSQ sold to defendant "Mister Softee" franchises pursuant to oral licensing agreements.

32.     The sale of a franchise pursuant to an oral licensing agreement is in contravention of the Franchise Act.

33.      The sale of a franchise pursuant to an oral licensing agreement is in contravention of Federal Franchise Regulations, 16 C.F.R. Part 436 ("Federal Franchise Regulations").

34.     Pursuant to said oral licensing agreements, MSQ unlawfully collected royalties from defendant.

35. As a result of the foregoing, defendant is entitled to monetary damages from MSQ equal to all royalties unlawfully paid.

## AS AND FOR A SECOND COUNTERCLAIM

36. Defendant repeats and realleges each and every allegation contained in ¶¶ 29-31 as if the same were fully set forth herein.

37. MSQ failed to provide defendant with a written prospectus for each Mister Softee franchise sold by MSQ to defendant.

38. The failure of MSQ to provide a written prospectus is in contravention of the Franchise Act.

39. The failure of MSQ to provide a written prospectus is in contravention of the Federal Franchise Regulations.

40. As a result of the foregoing, each franchise agreement between MSQ and defendant for which no written prospectus was given is null and void and rescinded by defendant.

41. Defendant has no adequate remedy at law.

## AS AND FOR A THIRD COUNTERCLAIM

42. Defendant repeats and realleges each and every allegation contained in ¶¶ 29-31 as if the same were fully set forth herein.

43. Pursuant to the terms of the agreements, MSQ was obligated to:

a. Provide training;

b. Provide periodic assistance;

c. Consult about continuing inventory;

d. Provide continuing consultation and advise;

e. Provide, maintain and enforce product quality control standards;

f. Provide a clean, safe and sanitary vehicle warehouse environment at the depots where it required defendant to park its trucks;

44. MSQ breached each and every one of its aforesaid obligations.

45. MSQ also had an implied duty of good faith not to allow, participate in, encourage or otherwise permit competing ice cream businesses in defendant's territories.

46. MSQ directly or indirectly through its affiliates and their principals, breached said implied duty of good faith by owning or operating one or more competitive ice cream businesses in defendant's territories.

47. As a result of the foregoing, defendant has sustained monetary damages.

## AS AND FOR A FOURTH COUNTERCLAIM

48. Defendant repeats and realleges each and every allegation contained in ¶¶ 29-31 and 43-46 as if the same were fully set forth herein.

49. Defendant has no adequate remedy at law.

## AS AND FOR A FIFTH COUNTERCLAIM

50. Upon information and belief, Plaintiff Spabo Ice Cream Corp. ("Spabo") is a subfranchisor of "Mister Softee" franchises within the meaning of New York's Franchise Sales Act, N.Y. Gen. Bus. L. Article 33 ("the Franchise Act"), §681(17).

51. Spabo failed to provide defendant with a written prospectus for each Mister Softee franchise sold by Spabo to defendant.

6

52.     The failure of Spabo to provide a written prospectus is in contravention of the Franchise Act.

53.     The failure of Spabo to provide a written prospectus is in contravention of the Federal Franchise Regulations.

54.     Pursuant to said agreements for which no written prospectus was provided, Spabo unlawfully collected royalties from defendant.

55.     As a result of the foregoing, defendant is entitled to monetary damages from Spabo equal to all royalties unlawfully paid.

56.     As a result of the foregoing, each franchise agreement between Spabo and defendant for which no written prospectus was given is null and void and rescinded by defendant.

57.     Defendant has no adequate remedy at law.

## AS AND FOR A SIXTH COUNTERCLAIM

58.     Defendant repeats and realleges each and every allegation contained in ¶¶ 50-53 as if the same were fully set forth herein.

59.     As a result of the foregoing, each franchise agreement between Spabo and defendant for which no written prospectus was given is null and void and rescinded by defendant.

60.     Defendant has no adequate remedy at law.

## AS AND FOR A SEVENTH COUNTERCLAIM

61.     Defendant repeats and realleges each and every allegation contained in ¶¶ 50 as if the same were fully set forth herein.

62.     Pursuant to the terms of the agreements, Spabo was obligated to:

    a.   Provide training;

    b.   Provide periodic assistance;

    c.   Consult about continuing inventory;

    d.   Provide continuing consultation and advise;

    e.   Provide, maintain and enforce product quality control standards;

    f.   Provide a clean, safe and sanitary vehicle warehouse environment at the depots where it required defendant to park its trucks;

63.    Spabo breached each and every one of its aforesaid obligations.

64.    Spabo also had an implied duty of good faith not to allow, participate in, encourage or otherwise permit competing ice cream businesses in defendant's territories.

65.    Spabo directly or indirectly through its affiliates and their principals, breached said implied duty of good faith by owning or operating one or more competitive ice cream businesses in defendant's territories.

66.    As a result of the foregoing, defendant has sustained monetary damages.

## AS AND FOR AN EIGHTH COUNTERCLAIM

67.    Defendant repeats and realleges each and every allegation contained in ¶¶ 50 and 62-65 as if the same were fully set forth herein.

68.    Defendant has no adequate remedy at law.

## AS AND FOR A NINTH COUNTERCLAIM

69.     Throughout the last six years, defendant has loaned money to Spabo and MSQ, jointly and severally, for which there is presently due and owing the sum of $21,000.00.

WHEREFORE, defendant demands judgment against the plaintiffs dismissing the complaint, together with reasonable attorneys' fees, and further demands judgment on the counterclaims as follows:

A.     On the first counterclaim against MSQ in the amount of $500,000.00 plus interest;

B.     On the second counterclaim against MSQ declaring null and void and rescinded each oral licensing agreement between MSQ and defendant;

C.     On the third counterclaim against MSQ in the amount of $500,000.00 plus interest;

D.     On the fourth counterclaim against MSQ declaring null and void and rescinded each Franchise Agreement between MSQ and defendant;

E.     On the fifth counterclaim against Spabo in the amount of $500,000.00 plus interest;

F.     On the sixth counterclaim against Spabo declaring null and void and rescinded Franchise Agreement between Spabo and defendant;

G.     On the seventh counterclaim against Spabo in the amount of $500,000.00 plus interest;

H.     On the eighth counterclaim against Spabo declaring null and void and rescinded each Franchise Agreement between Spabo and defendant;

I.      On the ninth counterclaim against Spabo and MSQ in the amount of $21,000.00 plus interest;

J.      Together with the costs and disbursements of this action.

Dated: May 2, 2014

        _____

Nicholas J. Damadeo
NICHOLAS J. DAMADEO, P.C.
Attorneys for Defendant
27 West Neck Road
Huntington, NY  11743
(631) 271-7400
nick@damadeolaw.com

**VERIFICATION**

STATE OF NEW YORK       )
                                        : SS.:
COUNTY OF QUEENS       )

                DIMITRIOS TSIRKOS, being duly sworn, deposes and says, that deponent is the

Defendant in the within action; that deponent has read the foregoing Answer and Counterclaims

and knows the contents thereof; and that the same is true to deponent's own knowledge, except

as to the matters therein stated to be alleged upon information and belief, and as to those matters

deponent believes it to be true.

                                        DIMITRIOS TSIRKOS

Sworn to before me this

2nd day of May, 2014.

Notary Public

PAULINE PLIOUTAS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01PL6231535
COMM. EXP. 11 2 P 2014