UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MISTER SOFTEE, INC., et al.,

    Plaintiffs,

 -v-                                                                           No.  14CV1975-LTS-RLE

DIMITRIOS TSIRKOS,

    Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

        In this trademark infringement and breach of contract action Plaintiffs, Mister Softee, Inc. ("MSI"), Mister Softee of Queens Inc. ("MSQ"), and Spabo Ice Cream Corp. ("Spabo," and collectively "Plaintiffs") seek injunctive and monetary relief against Defendant Dimitrios Tsirkos ("Tsirkos" or "Defendant").  Tsirkos, the owner of several ice cream trucks, was until recently a Mister Softee franchisee and licensee.  On June 5, 2014, following an evidentiary hearing, the Court entered a preliminary injunction order (the "Preliminary Injunction Order") that, inter alia, barred Defendant from:

- "unlawfully using Plaintiffs' federally registered trademarks or any names or marks confusingly similar to the Plaintiffs' [Mister Softee] trademarks, including but not limited to the "Master Softee" and "Soft King" marks and trade dress;"

- "owning, maintaining, engaging in, being employed by, lending money to, extending credit to, or having any interest in any other business which operates or licenses businesses featuring primarily the retail sale of ice cream or other frozen confections within Defendant's former territories;" and

- "owning, maintaining, engaging in, being employed by, lending money to, extending credit to, or having any interest in any other business which operates or licenses businesses featuring primarily the retail sale of ice cream or other frozen confections in Mister Softee franchisee territories that are within five miles of Defendant's former franchise territories."

(Docket entry no. 52.)  ThePreliminary Injunction  Order defines Defendant's former Mister Softee territories to include, <u>inter alia</u>, "Astoria, New York: Northern boundary - Hoyt Avenue to Astoria Boulevard, Southern boundary - 30th Street, Eastern boundary - Steinway Street and Western boundary – the Hudson River," and "Manhattan: Northern boundary - 62nd Street, Southern boundary - 60th Street, Western boundary - 8th Avenue and Eastern boundary - 6th Avenue."  (<u>Id.</u>)  The latter territory is in the vicinity of Columbus Circle.  Mister Softee operates franchises throughout Manhattan and all of Long Island, including Kings and Queens Counties, New York.  (Docket entry no. 51, at 13.)  Familiarity with the Preliminary Injunction Order and the Memorandum Opinion issued therewith is assumed.

The case is before the Court on Plaintiffs' motion for entry of an order finding Defendant in contempt of the Preliminary Injunction Order.  Plaintiffs have proffered evidence of the operation of "Master Softee" and similarly decorated trucks in Manhattan on June 7 and 8, 2014, and on June 14, 15, and 20, 2014.  Although some of the photographs show license plates and/or vendor license numbers, Plaintiffs did not proffer evidence of vehicle registrations or license holder identity, relying principally instead on a statement by Defendant in a May 7, 2014, deposition that all "Master Softee" trucks were his as the basis of their assertion that the offending trucks were being operated by or for Defendant.  Plaintiffs seek to recover damages in the form of Defendant's profits from violating the injunction, turnover of Defendant's books and records in aid of the determination of such profits, and an award of the fees and other expenses, including attorneys' fees and investigative fees, incurred in investigating Defendant's behavior and prosecuting this motion practice.  Additionally, Plaintiffs seek to compel Defendant to disclose information related to his ownership interests in ice cream trucks.  (<u>See</u> docket entry no.

76.) On June 12, 2014, the Court issued an order directing Defendant to show cause as to why the relief sought by Plaintiffs should not be granted.

The Court held a hearing on Plaintiff's contempt application on June 24, 2014. Defendant testified at the proceeding, acknowledging that he had operated five trucks in Manhattan on June 7 and 8, 2014, asserting that he did not learn of the injunction until June 9th because he had not opened an email message from his attorney regarding the Order until then, and that he thereafter ceased to operate his trucks in Manhattan and has been trying to sell the 5 Manhattan trucks since that date. Defendant further averred that his trucks are not the only ones that use the "Master Softee" and similar trade dress. Rather, according to Defendant, other independent operators who park in Defendant's 93-vehicle depot often adopt each other's logos and trade dress, acquiring the relevant decals from a common printing firm. He named two other individuals who he claims are operating "Master Softee" trucks in Manhattan. Defendant expressed the belief that the Order only precludes him from retail operations within five miles of Columbus Circle and admitted that he was continuing to operate trucks in Astoria, Ridgewood, Flushing and other Queens neighborhoods. He claimed that he is in the process of relabeling all of his trucks, and adopting a new color scheme.

In accordance with Federal Rule of Civil Procedure 52(a), this Memorandum Order constitutes the Court's findings of fact and conclusions of law. To the extent any finding of fact includes conclusions of law it is deemed a conclusion of law, and vice versa. The Court has thoroughly considered the parties' submissions and testimony, and, for the following reasons, Plaintiffs' contempt motion is granted.

### FINDINGS OF FACT

The Court hereby incorporates the findings of fact set forth in its Memorandum Opinion entered on June 5, 2014 (docket entry no. 51), familiarity with which is presumed. The following additional facts have been proven by clear and convincing evidence.

Defendant operated his trucks, selling ice cream to customers, with the "Master Softee" dress and other truck decoration in Manhattan and within five miles of his former Mister Softee territories on June 7 and 8, 2014. (Docket entry no. 56.) Defendant's attorney had emailed Defendant on June 5, 2014, to notify him of the issuance of the injunction. Defendant claims that he did not open the email until June 9, 2014. His claim of ignorance, even if accepted, is merely indicative of studied avoidance of knowledge of the Court's decision in an effort to maximize his profits from violation of Plaintiffs' trademark and contract rights. Defendant, who participated personally in the preliminary injunction hearing, was well aware of the nature of the evidence, the urgency and scope of the Plaintiffs' application, and the limited seasonal opportunity for truck-based retail ice cream sales. If he was ignorant of the issuance of the order over the weekend, his was thus willful ignorance. Defendant did not act in good faith to ensure that he would be aware of and comply promptly with the Court's decision on Plaintiffs' motion for injunctive relief, nor did he bring himself into compliance with the order after the point when he acknowledges he became aware of it.

Notwithstanding the clear provisions of the order barring him from engaging in retail ice cream sales within five miles of any of the former territories specified in the Preliminary Injunction Order, he decided that he need only concern himself with areas within a five-mile radius of Columbus Circle. He testified at the June 24, 2014, hearing that he was continuing to operate trucks in Astoria, an area specifically identified in the injunction, as well as in Ridgewood and Flushing. The Court takes judicial notice that Flushing and Ridgewood are

within a five-mile radius of Astoria.  When confronted in court with the reference to his former Astoria territory in the preliminary injunction order, Defendant alleged that he had transferred that territory to someone else in 2013 and expressed the belief that he therefore did not need to comply with the Court's order.  Such cavalier disregard of inconvenient court orders demonstrates profound disrespect for the orders of the Court.

Plaintiffs' evidence demonstrated that seven trucks were operating in Manhattan before and after June 9, 2014, under the "Master Softee" trade dress or modified versions of that trade dress, which continued to incorporate sigificant elements of the Plaintiffs' Mister Softee trade dress.  With the exception of their supplemental proffer of information connecting a single truck's VIN number (Vehicle Identification Number 1GCJP32J2H3320616) to one of Defendant's Mister Softee 2014 franchise agreements, however, Plaintiffs did not proffer information that was sufficient to prove by clear and convincing evidence that any of the seven trucks was being operated in Manhattan by or for the benefit of Defendant after June 9, 2014.  As noted above, Defendant testified that others also utilized the infringing trade dress, naming two individuals specifically.  On this record, Plaintiffs have met their burden as to one Manhattan truck, and to operation of an unspecified number of additional trucks in and within five miles of Astoria. That proof is sufficient to demonstrate that Defendant continued in violation of the Order even after he was admittedly informed of its terms.

## CONCLUSIONS OF LAW

A contempt order is warranted only if the "moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict."  King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (citing Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 102 (2d Cir. 1965)).  The movant for a contempt of

court order must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." United States v. N.Y.C. Dist. Council of N.Y.C., 229 F. App'x 14, 18 (2d Cir. 2007) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir.1995)).

A contemnor "may not rely on a 'studied ignorance' of the terms of the order to postpone compliance or preclude a finding of contempt." Chere Amie, Inc. v. Windstar Apparel, Corp., 175 F. Supp. 2d 562, 566 (S.D.N.Y. 2001) (quoting Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc., 646 F.2d 800, 808 (2d Cir. 1981)). Both a contemnor and his counsel "have a duty to monitor the progress of the litigation and to ascertain the terms of any order entered against the party. Unexcused failure to do so may justify a finding of contempt when the party knows that some order has been entered against him." Perfect Fit, 646 F.2d at 808. "It need not be established that the violation was willful." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Technologies, Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting Donovan v. Sovereign Sec. Ltd., 726 F.2d 55, 59 (2d Cir.1984)).

The Preliminary Injunction Order was clear and unambiguous. To the extent Defendant asserts that he believed the order restricted him from operating within five miles of Columbus Circle only, rather than within five miles of any of his former territories, his position is disingenous and indicative of the absence of a diligent good faith effort to comply with the injunction. Defendant's testimony that he sold the territory identified in the Preliminary Injunction Order as "Astoria, New York: Northern boundary - Hoyt Avenue to Astoria Boulevard, Southern boundary - 30th Street, Eastern boundary - Steinway Street and Western boundary – the Hudson River," in 2013, is uncorroborated and, particularly in light of his failure

to object to the inclusion of the Astoria territory in Plaintiffs' proposed injunctive relief order, immaterial to the question of contempt.

The record contains clear and convincing proof that Defendant violated the Preliminary Injunction Order by operating his trucks -- including "Master Softee" trucks -- throughout the prohibited area from June 7 through June 9, 2014, violating both the trademark and noncompetition contract enforcement provisions of the order.  The record also establishes by clear and convincing evidence that Defendant thereafter continued to violate the injunction by operating the truck associated with Vehicle Identification Number 1GCJP32J2H3320616 in Manhattan, and by operating ice cream trucks in Astoria, Ridgewood, and Flushing, each of which constitutes a Mister Softee franchise area within five miles of his former Astoria territory.

Defendant is in contempt of the Preliminary Injunction Order, his contempt of the order was willful, and he failed to endeavor to comply with the terms of the injunction order in a reasonable manner.

Having found Defendant in contempt, the Court must determine an appropriate remedy.  Civil contempt sanctions may "be both coercive and compensatory.  Yet, some proof of loss must be present to justify its compensatory aspects."  Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Technologies, Inc., 369 F.3d 645, 658 (2d Cir. 2004) (quoting New York State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989)). "Contempt sanctions are to be imposed 'once the plaintiff has proved that he has suffered harm because of a violation of the terms of an injunction,' but, under a theory of unjust enrichment, a contempt plaintiff is entitled to defendant's profits without submitting direct proof of injury, much less proof that any such injury 'approximated in amount the defendant's profits.' Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 6 (2d Cir. 1989) (internal

citations omitted). "[A]n accounting for profits is normally available "only if the 'defendant is unjustly enriched, if the plaintiff sustained damages from the infringement, or if the accounting is necessary to deter a willful infringer from doing so again.'" George Basch Co., Inc. v. Blue Coral, Inc., 968 F.2d 1532, 1537 (2d Cir. 1992).

Plaintiffs seek an award of Defendant's profits earned while in violation of the Court's Preliminary Injunction Order. This relief is appropriate here because the Defendant has been unjustly enriched through ice cream sales in violation of the Preliminary Injunction Order, and to deter further infringement of the Order.

Plaintiffs also seek compensation for their costs and fees associated with investigating and litigating this contempt motion. A finding of willful violation strongly supports an imposition of attorney's fees and costs. Mingoia v. Crescent Wall Sys., 03 Civ. 7143, 2005 WL 991773, at *4 (S.D.N.Y. Apr. 26, 2005) (citing Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). The Court finds that imposition of reasonable legal and investigative fees and costs is appropriate here, where Defendant disingenuously claimed ignorance of the Preliminary Injunction Order and his obligations thereunder in order to continue unjustly profiting from prohibited conduct.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant is in civil contempt of the Preliiminary Injunction Order. Defendant must immediately comply fully with all of the provisions of that Order.

Plaintiffs are hereby awarded Defendant's profits from his sales activity in violation of the Preliminary Injunction Order. Defendant must, within seven (7) days of the date of this Order, produce to Plaintiffs' counsel all records of all retail ice cream sales by Plaintiff,

his controlled entities, employees, agents and persons working in concert with him, in any and all geographic areas covered by the Preliminary Injunction Order, and all such sales from any truck decorated with the "Master Softee" or similar trade dress incorporating elements of the Mister Softee trade dress in any geographic area, since June 6, 2014.  Defendant must provide therewith records documenting any expenses Defendant claims are directly associated with the reported sales.  Plaintiffs may thereafter make an application, supported by evidence detailing their computations and the evidentiary bases thereof, for a monetary award of the profits.  Any objection to Plaintiffs' computations must be filed, with supporting documentation, within seven (7) days of Plaintiffs' application, and any reply must be filed within five (5) days of the objection.

>Defendant must identify by license plate and vehicle identification number all trucks he owns, directly or indirectly, on his own or through or with another person or through any corporation, limited liability company, or other entity within seven (7) days of entry of this Order.

>Plaintiffs are also awarded their reasonable legal and investigative fees and expenses incurred in connection with this motion practice.  Plaintiffs must file their application for such fees and expenses, with supporting documentation, within fourteen (14) days of the date of this Order.  Any objection to the application must be filed within seven (7) days of the application, and any reply must be filed within five (5) days of the objection.  Courtesy copies of all filings must be provided for Chambers.

Further conduct in violation of the Preliminary Injunction Order or failure to comply with this Order may, upon a finding of contempt, result in additional compensatory awards and coercive monetary or custodial measures.

SO ORDERED.

Dated: New York, New York
July 2, 2014

   /S/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge