UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MISTER SOFTEE, INC., et al.,

       Plaintiffs,

  -v-                                      No.  14 Civ. 1975 (LTS)(RLE)

DIMITRIOS TSIRKOS,

       Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiffs, Mister Softee, Inc. ("MSI"), Mister Softee of Queens Inc. ("MSQ"), and Spabo Ice Cream Corp. ("Spabo," and, collectively with MSI and MSQ, "Plaintiffs" or "Mister Softee") asserted claims of trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, and state law claims for breach of contract against Defendant Dimitrios Tsirkos ("Defendant").  On November 23, 2015, the Court entered an order granting Mister Softee's motion for a default judgment and attorneys' fees and costs, and directing Mister Softee to make an application for an award of fees and costs, supported by evidence, in accordance with Federal Rule of Civil Procedure 54(d).  Mister Softee has now made such an application, seeking $287,258.44 in attorneys' fees and $52,605.41 in costs, for a total amount of $339,863.85.

The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.  The Court has thoroughly reviewed Plaintiffs' application and accompanying papers.  For the following reasons, Plaintiffs' application for attorneys' fees and costs is granted.

The Court assumes familiarity with the issues litigated in this case, which are discussed in detail in the November 23, 2015, Opinion and Order. (Docket entry no. 203). A brief overview of the litigation follows.

This litigation has been a difficult one, with the Court issuing multiple orders of contempt against the Defendant and apparent efforts by Defendant to impede court orders. The initial complaint was filed in March 2014, and on June 4, 2014, the Court granted Plaintiffs' motion for a preliminary injunction and enjoined Defendant from, inter alia, unlawfully using Plaintiffs' trademarks. (Docket entry no. 52.) Defendant subsequently violated the preliminary injunction, and the Court held Defendant in civil contempt on two occasions. (Docket entry nos. 77, 105.) On October 2, 2014, the Court entered a judgment in favor of Plaintiffs in the amount of $97,464.14 on the two contempt orders. (Docket entry no. 128.) In March 2015, Defendant's attorneys withdrew from their representation of him due to his failure to pay fees, and Plaintiffs thereafter moved for an entry of default. (See docket entry nos. 169, 170.) In and around September and October 2015, proceedings and motion practice in connection with Plaintiffs' collection efforts on the October 2, 2014, judgment ensued, including a motion for an installment payment order and an order to show cause hearing regarding a third-party witness's failure to appear for deposition. (See docket entry nos. 178, 190.)

On November 23, 2015, the Court granted Plaintiffs' motion for a default judgment in the total amount of $117,319.42 in favor of MSQ and $212,709.40 against Spabo, along with a permanent injunction barring Defendant from using Plaintiffs' trademarks. (Docket entry no 203.) On December 22, 2015, Plaintiffs filed the instant application for attorneys' fees and costs. Plaintiffs are seeking attorneys' fees in the amount of $287,258.44, specifically $272,058.50 for fees accrued by Fisher Zucker LLC ("Fisher Zucker"), $4,420.00 for Adler,

Vermillion & Skocilich, LLP ("Adler Vermillion"), and $10,779.94 for fees accrued by Tor Ekeland, P.C. ("Tor Ekeland") and expenses in the amount of $52,605.41, for a total amount of $339,863.85 in attorneys' fees and costs. As the Court has already granted Plaintiffs' motion for reasonable attorneys' fees and costs in its November 23, 2015, Order, the Court will determine here whether the amount sought by Plaintiffs is reasonable.

Although "[t]here is no precise rule or formula for making [attorney's fee award] determinations," Hensley v. Eckerhart, 461 U.S. 424, 436 (1983), in the Second Circuit, reasonable attorneys' fee awards are determined using the standard of the "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2007); see also Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In computing the presumptively reasonable fee, district courts should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Simmons, 575 F.3d at 172 (internal quotation marks and citation omitted). Pursuant to "the forum rule, courts 'should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Id. at 174 (citation omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. Applications for award of fees must be documented by time records that are contemporaneously created and that specify, for each attorney, the date, the hours expended, and the nature of the work done. Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009).

Fisher Zucker, the principal counsel on the matter, is a Philadelphia-based law firm with a national practice, focusing on franchise, registration, litigation, distribution and

licensing matters. Plaintiffs are claiming the following hourly rates for Fisher Zucker attorneys: $400 to $425 per hour for Jeffrey Zucker, the managing partner of the firm, who has over 20 years of franchise litigation experience and who has represented the Mister Softee franchise since 1998; $340 to $365 per hour for Frank Reino, who is an associate admitted in 2003 and who has been representing franchisors including Mister Softee since 2007; and between $250 to $350 per hour for other associates of varying seniority, who practice at Fisher Zucker representing franchisors in litigation and transactional matters. Fisher Zucker incurred expenses in the amount of $52,605.41, which includes approximately $12,000 in private investigator fees to confirm Defendant's compliance with court orders.

Adler Vermillion was a New York City law firm that handled intellectual property and commercial corporate matters.[1] It appears that the firm served as local counsel to Fisher Zucker on the matter until around July 2014. Eric Adler was admitted in New York in 2009, and was a litigation partner at Adler Vermillion who handled intellectual property litigation matters; Gerald Derveyanny was admitted in New York in 2010 and was also a litigation partner at Adler Vermillion who handled commercial litigation matters. It appears from Adler Vermillion invoices that both attorneys charged $200 per hour for their services as local counsel. (See Adler Affidavit, Ex. A, docket entry no. 214-1.)

Tor Ekeland is a five attorney law firm based in New York that specializes in technology and business litigation and transactions. It appears that Tor Ekeland replaced Adler Vermillion as Fisher Zucker's local counsel around July 2014. Plaintiffs are claiming the following rates for Tor Ekeland attorneys: $250 per hour for Mark Jaffe, a partner at the firm

---

[1] According to its publicly available website, Adler Vermillion's partners have separated their business relationship.

with nine years of experience in trademarks and commercial litigation; $250 per hour for Meredith Heller, who was admitted in 2006 and is a partner at Tor Ekeland focused on commercial litigation; $200 per hour for Frederic Jennings, an associate with two years of experience in commercial litigation; and $125 per hour for a summer associate.

Based on the Court's knowledge of the proceedings in this case, including the efforts involved in attempting to locate Defendant and his assets, the Court finds that the Plaintiffs' proposed rates fall within the range of rates typically charged in similar cases and are reasonable.  See, e.g, GAKM Resources LLC v. Jaylyn Sales, Inc., No. 08 CV 6030, 2009 WL 2150891, at *7-8 (S.D.N.Y. 2009) (in trademark infringement case involving socks, approving $600 to $650 hourly rate for intellectually property attorneys at a national law firm with twenty to thirty years of experience, and $525 hourly rate for an attorney at a national law firm with eleven years of experience); Koon Chun Hing Kee Soy & Sauce Factory, Ltd v. Star Mark Mgmt., Inc., No 04 CV 2293, 2009 WL 5185808 (E.D.N.Y. Dec. 23, 2009) aff'd, 409 F. App'x 389 (2d Cir. 2010) (in trademark litigation case involving hoisin sauce, granting Manhattan based partner with twenty-one years of experience $350 to $420 per hour, $300 to $320 per hour for six years of experience in intellectual property law, and $85 to $90 for paralegals).  Although Plaintiffs' law firms are not premier large New York firms and the issues in this case are not extremely novel or complex, Plaintiffs' proposed rates fall well below those charged by large Manhattan-based firms and Fisher Zucker appears uniquely well-qualified for this matter given its long history of representing Plaintiffs in franchisor-related matters.  The Court further finds that the hours expended are reasonable given the duration of the litigation and the numerous procedural hurdles Plaintiffs needed to overcome in the case.

Accordingly, the Court awards Plaintiffs attorneys' fees in the amount of

$287,258.44 and costs in the amount of $52,605.41, for a total of $339,863.85. The Clerk of Court is requested to enter judgment accordingly.

This Order resolves docket entry number 210.

SO ORDERED.

Dated: New York, New York
May 23, 2016

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge