UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MISTER SOFTEE, INC. et al.,

        Plaintiffs,

     -v-                                No.  14 Civ. 1975 (LTS)(RLE)

DIMITRIOS TSIRKOS,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

On May 3, 2016, after an evidentiary hearing, the Court entered an installment payment order ("Installment Payment Order," docket entry no. 226), ordering Tsirkos to pay $6,000 per month to satisfy the judgment of $97,464.14 (docket entry no. 129) resulting from his contempt of the Court's preliminary injunction order.  On August 10, 2016, Mister Softee filed a motion (docket entry no. 245) to extend the Court's Installment Payment Order to additional judgments that had been entered in this action while the installment payment motion was sub judice, namely the default judgment entered against Tsirkos in the amount of $330,028.82 on November 23, 2015 (the "Default Judgment"), and the supplemental judgment of attorneys' fees and costs entered against Tsirkos in the amount of $339,863.85 on May 24, 2016 (the "Supplemental Judgment").  Tsirkos has opposed the motion and filed a cross-motion to alter the Supplemental Judgment.  For the reasons set forth below, and for substantially the reasons set forth on the record at the May 3, 2016, hearing, Mister Softee's motion is granted and Tsirkos' cross-motion is denied.

I.          Mister Softee's Motion for Installment Payment Order

Under New York law, a judgment creditor may seek an order requiring "specified installment payments" from a debtor upon a showing that either: (1) "the judgment debtor is receiving money or will receive money from any source," or (2) the debtor is "attempting to impede the judgment creditor by rendering services without adequate compensation."  Lowy v. Bobker, 383 F. Supp. 2d 606, 614 (S.D.N.Y. 2004) (citing N.Y. C.P.L.R. § 5226).  At the May 3, 2016, hearing, the Court found that the imposition of an installment payment order was warranted to enforce the contempt judgment against Tsirkos based on, inter alia, evidence demonstrating Tsirkos' ongoing receipt of income and attempts to impede collection efforts. Relying principally on the evidence presented at the May 3, 2016, hearing, Mister Softee now moves for an extension of the installment order to the Default and Supplemental Judgments.  In opposition to Mister Softee's motion to extend the Installment Payment Order, Tsirkos argues that: (1) Mister Softee did not request that the Court retain jurisdiction to modify the Installment Payment Order to include the intervening judgments and the Court did not retain such jurisdiction, and (2) C.P.L.R. § 5019(a) permits the Court to cure, during any stage of action, any mistake, defect or irregularity in a judgment or order only if such a correction would not affect a substantial right of a party.  Each of Tsirkos' arguments is unavailing.

A federal court possesses inherent authority to effectuate enforcement of its judgments and retains jurisdiction over supplementary proceedings relating to such enforcement. Cordius Trust v. Kummerfeld, No. 99 CV 3200, 2009 WL 3416235 at *7 (S.D.N.Y. Oct. 23, 2009) (citation omitted).  Here, Mister Softee does not seek to alter any of the outstanding judgments against Tsirkos.  Rather, it seeks to expand the scope of an enforcement mechanism that is already in place.  Such expansion is clearly within the Court's jurisdiction relating to the

enforcement of its own judgments.  Nor can Tsirkos advance any valid complaint regarding the process by which the instant application has been entertained.  At the May 3, 2016, hearing, Mister Softee made an oral application for the intervening Default Judgment to be covered by the Installment Payment Order, as the Default Judgment had not yet been entered at the time of Mister Softee's original notice of motion for an installment payment order.  The Court declined to act on the oral application, responding instead that Mister Softee "can make a properly noticed application for a continuation of required payments of that monthly amount until the entire default judgment is made, and that way we will have a clear paper trail and a clear notice trail."  (May 3, 2016, Hr'g Tr. at 5:23-6:16.)  Mister Softee thereafter noticed the instant motion practice and Tsirkos has been afforded a full opportunity to interpose opposition to the motion.

Tsirkos' argument that the Court cannot "modify" the Installment Payment Order pursuant to C.P.L.R. § 5019 is also without merit.  C.P.L.R. § 5019, entitled "[v]alidity and correction of judgment or order; amendment of docket," provides in subsection (a) that: "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party."  Tsirkos argues that, under C.P.L.R. § 5019, the Court is without power to "modify" the Installment Payment Order because the requested "modification" would affect a substantial right of his.  Even putting aside the issue of whether C.P.L.R. § 5019 applies to an order enforcing judgment rather than a modification of a judgment itself, the Court certainly possesses the authority, pursuant to C.P.L.R. § 5226, to enter an installment payment order to effectuate enforcement of the intervening judgments.  The C.P.L.R. thus presents no barrier to the requested relief.  Tsirkos submits no new facts concerning his financial circumstances or otherwise to warrant departure from the legal and factual findings the Court made at the May 3, 2016, hearing, which the Court

found warranted an installment payment order pursuant to C.P.L.R. § 5226.  Accordingly, for the reasons set forth above and for substantially the reasons set forth on the record at the May 3, 2016, hearing, Mister Softee's motion for extension of the installment payment order in the amount of $6,000 per month to cover both the Default Judgment and the Supplemental Judgment is granted.

II.        Tsirkos' Cross-motion to Alter Supplemental Judgment

Tsirkos has cross-moved to alter the Supplemental Judgment, arguing principally that certain attorney time entries were excessive and unreasonable.  The Supplemental Judgment represents an award of attorneys' fees and costs incurred by Mister Softee in litigating the merits of this case through entry of the default judgment.  On November 23, 2015, the Court granted Mister Softee's motion for a default judgment.  (Docket entry no. 203.)  In connection with granting that motion, the Court also granted Mister Softee's motion for attorneys' fees and costs and directed Mister Softee to file an application for an award supported by evidence within 30 days.  (See id. at 16.)  Pursuant to that order, on December 22, 2015, Mister Softee filed its application, with evidence in support, for its requested fees and costs award.  Tsirkos neither responded to the original motion for default judgment, nor to the subsequent proffer of evidence by Mister Softee on attorneys' fees and costs.  On May 23, 2016, the Court awarded Mister Softee the requested amount of $339,863.85 in fees and costs; the Supplemental Judgment was entered on May 24, 2016.  (Docket entry nos. 228, 229.)

Notwithstanding Tsirkos' protestations to the contrary, his motion to alter the Supplemental Judgment is properly construed as a motion for reconsideration and is subject to Federal Rule of Civil Procedure 60(b).  Under Rule 60(b), "the court may relieve a party . . .

from a final judgment, order or proceeding for . . . reasons [of] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b); see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a Rule 60(b)] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (citations omitted).)  Tsirkos has presented no proper basis for reconsideration here.  The arguments Tsirkos now puts forth for the first time, disputing certain time entries, could all have been made in response to Mister Softee's original fee application made nearly 12 months ago; Tsirkos does not contend that he lacked notice of the original application.  Tsirkos failed to make timely objections and a motion for reconsideration does not afford a litigant an opportunity for a second bite at the apple.  See Sea Trade Co. Ltd v. FleetBoston Fin. Corp., No. 03 CV 10254, 2009 WL 4667102, at *5-7 (S.D.N.Y. Dec. 9, 2009). Tsirkos' motion to alter the Supplemental Judgment is therefore denied.

For the reasons set forth above, Mister Softee's motion for extension of the installment payment order to cover both the Default Judgment and Supplemental Judgment is granted.  Tsirkos is ordered to continue making monthly payments of $6,000, in accordance with the May 3, 2016, Order (docket entry no. 226) and this Order, until all judgments entered against him in connection with this action have been satisfied.  Tsirkos' motion to alter the Supplemental Judgment is denied.

This Order resolves docket entry numbers 245 and 252.

SO ORDERED.

Dated: New York, New York
       January 13, 2017

\_\_\_\_/s/ Laura Taylor Swain_____
LAURA TAYLOR SWAIN
United States District Judge